[Criminal No. 825.    Filed March 8, 1937.]

[65 Pac. (2d) 659.]

STATE OF ARIZONA, Appellant, v. JAMES De-WITT, Respondent.

Mr. John L. Sullivan, Attorney General, and Mr. W. Francis Wilson, Assistant Attorney General, for the State.

Mr. A. S. Gibbons, for Respondent.

ROSS, J.—This appeal by the State is from an order sustaining the demurrer to an information charging respondent with using a bottle, in selling milk, of a different capacity than those authorized by statute. The charging part of the information reads:

"The said James DeWitt, on or about the 17th day of October, 1934, and before the filing of this information at and in the county of Maricopa, State of Arizona, did then and there violate the provisions of section 3623 and section 3629, Revised Code of 1928, providing that bottles used for the sale of distilled water, milk and cream shall be of the capacity of one-half gallon, three pints, one quart, one pint, one-half pint and one gill, filled full to the bottom of the lip, by then and there and on or about said 17th day of October, 1934, using for the sale of milk to one Seth Lightfoot, a bottle that was then and there in size a one-third quart and which bottle was then and there filled full to the bottom of the lip of said bottle, and defendant did then and there wilfully, unlawfully and knowingly use and sell said bottle containing said milk to said Seth Lightfoot, said bottle being then and there one-third quart in size and being then and there filled

full to the bottom of the lip of said bottle with said milk. . . . ''

The grounds of the demurrer were: (1) That the information does not substantially conform to the requirements of sections 4977 and 4978 of the Revised Code of 1928; (2) that the offense charged is not based on any valid or existing statute of the state; and (3) that section 3623, Id., being the statute respondent is charged with violating, is in contravention of article 2, section 4, of the Constitution of the State of Arizona, and the Fourteenth Amendment to the Constitution of the United States, and for these reasons is unconstitutional and void.

The order sustaining the demurrer does not give the reason therefor. The Attorney General in his brief argues that the information was not vulnerable to any of the objections raised. The respondent does not now contend in his brief that either the first or third ground of his demurrer is good, but argues that the second ground is. The material part of section 3623, *supra,* reads:

''Bottles used for the sale of distilled water, milk, and cream, shall be of the capacity of one-half gallon, three pints, one quart, one pint, one-half pint, and one gill, filled full to the bottom of the lip.''

The information, it is seen, charges that the respondent was using and selling milk in a bottle of the capacity of one-third of a quart. Section 3629, Id., fixes the penalty for violating section 3623 at a fine of not less than five nor more than two hundred and fifty dollars.

Respondent says that section 3623, *supra,* was repealed by sections 19 and 52 of chapter 82 of the Laws of 1931. The latter does not, in terms, repeal section 3623, and if it repeals it at all it is by implication only. The two statutes have as their purpose the accomplishment of very different objects. Section

3623 is a part of the statutes regulating weights and measures. It standardizes the containers that may be used in the sale of milk and prohibits the use of containers of any other capacity. Its purpose is to prevent fraud being perpetrated upon the purchasers of milk by protecting them from short measures. Chapter 82, *supra*, and especially sections 19 and 52 thereof, is to insure cleanliness and sanitation in the handling of milk and milk products. Section 19 reads as follows:

"*Dairy Equipment, Utensils and Containers.* No equipment, utensils or containers shall be used in the production, handling, processing, transporting, or distributing of market milk other than such as shall meet the requirements herein specified. All such equipment, utensils, or containers shall be so constructed that every surface thereof with which any dairy produce shall come in contact may be readily reached with a brush for the purpose of cleaning and no such surfaces shall be corroded, rough, cracked, chipped, battered, open seamed or worn so as to expose the base metal thereof. All such surfaces shall be of such material as will offer reasonable resistance to corrosive action. Galvanizing or untinned copper or iron shall not be approved for such surfaces. Properly processed composition wood containers shall be approved for single use only. Standard or regulation glass milk bottles shall be approved and may have impressions, embossing or etchings thereon, but in no case shall paint or similar materials be permitted thereon. Standard or regulation milk cans shall be approved. No milk utensils having a permanently installed strainer shall be approved. Strainer discs or pads of cotton, paper or other similar material shall be approved for single use only."

Section 52 fixes the penalty.

No reference whatever is made in section 19 to the capacity of any of the containers enumerated. When it says "standard or regulation milk cans shall be approved," or "standard or regulation glass milk

bottles shall be approved,'' etc., it means in respect to cleanliness and ease to keep clean.

Since the two statutes have for their purpose the accomplishment of entirely different objects, there is no conflict between them and therefore there could be no repeal by implication.

On the other two points, we are satisfied that the information conforms with the statutes in the matter of form and substance and that the legislature, under the police power of the state, had the right to enact section 3623, *supra,* and that such section does not violate any fundamental law of the state or nation. 68 C. J. 152, § 2; 28 R. C. L. 2, § 1.

The order sustaining the demurrer is vacated, and the cause remanded with instructions that further proceedings be had in accordance herewith.

McALISTER, C. J., and LOCKWOOD, J., concur.